STELLA POLLACK and WILLIAM F. HOSEK, as executrix and executor of the last will and testament of Joseph Hosek, deceased, complainants-appellants,

*v.*

HAROLD H. BOWMAN and the PATERSON SAVINGS INSTITUTION, individually and as executors and trustees under the last will and testament of Andrew T. Fletcher, deceased, defendants-respondents; KATE VAN ARSDALE BOORAEM et al., defendants; LITTLE SISTERS OF THE POOR OF PATERSON, defendant-appellant.

[Submitted May 31st, 1947. Decided September 25th, 1947.]

*Messrs. Sluhr & Vogt,* for the complainants-appellants.

*Messrs. Pitney, Hardin, Ward & Brennan,* for the defendants-respondents.

*Mr. William F. Hinchliffe, Mr. Edward A. Markley, Mr. Raymond J. Lamb, Mr. Walter J. O'Toole* and *Mr. Hugh C. Spernow,* for the defendant-appellant.

The opinion of the court was delivered by

DONGES, J.

These appeals are from a decree allowing and approving a supplemental account of the trustees and making allowances to counsel for services. The main questions in controversy were before this court on a previous appeal wherein this court reversed a decree of the Court of Chancery holding the executors and trustees guilty of the exercise of improper discretion in the retention of certain stocks and directing their sale in the market or their purchase by the trustees at the then market price. *Pollack* v. *Bowman, 139 N. J. Eq. 47.*

Pending the appeal the trustees sold the stock in question, some in the market and others to the trustee Paterson Savings Institution, it being asserted that the other trustee, Bowman, was not financially able to buy any of them.

After the *remittitur* from this court the trustees filed an account and exceptions were filed thereto by the present appellants, the complainants and the defendant Little Sisters of the Poor of Paterson, asserting that in view of the reversal by this court the trustees had no right to sell the stocks and that they should be made to account for any profits that may have been enjoyed from the purchase of any of these stocks, but could not be permitted to have credit for any losses that may have been sustained by the taking of such stock.

The Vice-Chancellor dismissed the exceptions, holding that the trustees had carried out the decree of the Court of Chancery, which limited the time to fourteen days for compliance with it, and that in the light of their conduct they were not subject to attack. They had carried out the direction of the court and, as was held in *Brown* v. *Fidelity Union Trust Co., 138 N. J. Eq. 278,* where a trustee with the leave of court purchased securities for its own account, the legality of which has been questioned and is still pending and undetermined, it could not be condemned. With this reasoning we agree.

It cannot be said that there was any breach of faith on the part of the trustees who carried out the decree of the court within the time fixed by that decree, nor that the sale was made without the knowledge and approval of the court.

The other appeal is from that portion of the decree which allowed to counsel for the appellants the sum of $7,500 to cover expenditures and remuneration for services rendered. In view of the fact that the actual expenditures made by counsel in the prosecution of the litigation amounted to $7,141.48, principally for printing charges on the appeal, it would seem that the allowance made was hardly adequate. We think a proper fee would have been $5,000 plus the expenditures. To this extent the decree is modified and otherwise affirmed.

No. 213 with 214—

*For affirmance*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, WELLS, DILL, FREUND, McGEEHAN, McLEAN, SCHETTINO, JJ.   14.

*For reversal*—None.

No. 214 with 213—

*For modification*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, WELLS, DILL, FREUND, McGEEHAN, McLEAN, SCHETTINO, JJ.   14.